USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-6-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN D. CASSONE,

                           Plaintiff,                    10 Civ. 8955 (PKC)

         -against-

                                                    MEMORANDUM
                                                    AND ORDER

MARRIOT INTERNATIONAL, INC., et al.,

                           Defendants.
------------------------------------------------------------x

CASTEL, District Judge:

         Defendants in this action have moved for summary judgment dismissing plaintiff's personal injury claims. The motion was filed on December 13, 2011 with the appropriate notice to a pro se litigant required by Local Civil Rule 56.2. Plaintiff has not responded to the motion and his time to do so has passed. Defendants have also moved to dismiss the action under Rule 37(b), Fed. R. Civ. P. There has been no response to that motion. This Court has reviewed both motions and concludes that it is not necessary to reach the merits of the summary judgment motion because the Rule 37(b) motion is well founded and is granted.

Rule 37(b) Standard

         " '[A]ll litigants, including *pro ses,* have an obligation to comply with court orders,' and failure to comply may result in sanctions, including dismissal with prejudice. Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009)(quoting Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir.1990)); Rule 37(b)(2)(A)(v). Dismissal is, of course, a harsh remedy to be used in extreme cases where willfulness, bad faith or other fault are shown. Bobal v. Rensselaer Polytechnic

Inst., 916 F.2d 759, 764 (2d Cir.1990); John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir.1988).

The factors to be considered in determining whether dismissal is the appropriate sanction include the following: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal v. Mid Island Mortgage Corp., 555 F.3d at 302 (internal quotation marks omitted).

Discussion

The action arises out of a tragic incident in which plaintiff fell to the ground from a four-story balcony at 3:45 a.m. on June 18, 2008. The plaintiff maintains that the fall was caused by the negligence of the defendants, specifically the absence of appropriate lighting. The defendants assert that the wall of the balcony was 43 inches high and that plaintiff, who is approximately 72 inches in height, could not have fallen over the balcony through any action or inaction on its part. Defendants have developed an extensive record of plaintiff's use of illicit drugs and alcohol in the hours preceding the incident.

On October 28, 2011, defendants designated Mathew M. Shatzer, D.O., to perform a medical examination of plaintiff, then represented by counsel, on November 17, 2011 at noon. Defendants noted that if the date and time were not feasible, plaintiff's counsel should contact their counsel's offices to arrange an adjournment.

On October 27, 2011, plaintiff's counsel advised that he intended to move to withdraw; in response, this Court issued an Order waiving the pre-motion conference requirement and advising as follows: Mr. Cassone should start searching for alternate counsel NOW." (Order of October 27, 2011; Docket # 11) (emphasis added).

The Court issued a second order on the schedule on the motion withdraw cautioning as follows: "MR. CASSONE IS ADVISED THAT HE SHOULD RETAIN SUBSTITUTE COUNSEL NOW. DO NOT WAIT. HE IS ALSO FREE TO REPRESENT HIMSELF." (Order of November 13, 2011; Docket # 16) (emphasis added). Plaintiff's counsel argued in support of the motion to withdraw that, he had discussions with plaintiff after his deposition, and "[i]t has become obvious to this firm that we have irreconcilable differences with the plaintiff. We can not [sic] agree on the theory of liability and the manner in which the case should be litigated." (Decl. of M. Sean Duff at ¶ 9.) The motion to withdraw was granted and plaintiff was again advised to consider retaining counsel. (Order of November 16; Docket # 17.)

Defendants wrote to the Court on November 18 concerning plaintiff's failure to appear at the medical examination by Dr. Shatzer that had been scheduled for November 17. Expert discovery had been scheduled to close on December 2, 2011. The Court extended discovery for the purpose of the medical exam and issued the following Order to facilitate the scheduling of the examination:

> Defendant's counsel is directed to provide the Court and Mr. Cassone with four (4) dates and times (i.e. different and non-contiguous dates) between now and 1/13/2012 for Mr. Cassone's physical examination by Dr. Shatzer. Mr. Cassone is directed to select one of the four dates within 48 hours of receipt of the dates from defense counsel and communicate the selection by telephone call to defense counsel and letter to defense counsel with copy to the Court. Mr. Cassone is ordered to appear for his physical examination on the date selected.

(Order of November 30, 2011; Docket # 18.)

Defendants' counsel complied with the Order by sending the plaintiff a letter on December 1 providing plaintiff with the following dates from which to select: December 8 at 1 p.m.; December 27 at 3 p.m.; January 5 at 1

p.m. or January 9 at 3:30 p.m.; the letter was sent to plaintiff both by regular mail and Federal Express and enclosed a self-addressed stamped envelope for use by plaintiff. (Clark Decl. at ¶ 16.) The Federal Express receipt confirms receipt on December 2. (Id. at ¶ 20.) Plaintiff was therefore required to respond by December 5. (Id.) Plaintiff did not respond and defendants' counsel wrote to the Court on December 7 advising of the failure to comply with the November 30 Order. By Order of December 8, 2011, the Court warned that his action would be dismissed if he was not in compliance with the November 30 Order by December 16, 2011:

> John D. Cassone shall comply with this Courts Order of November 30, 20011 or his action will be DISMISSED for failure to prosecute and/or as a sanction under Rule 37(b), Fed. R. Civ. P. and/or for failure to comply with a Court Order. Mr. Cassone is already in disobedience of the Courts November 30, 2011 Order and he is given one last chance to comply by selecting one of the three remaining dates for the independent medical exam by December 16, 2011.

(Order of December 8, 2011; Docket # 19.)

When he failed to comply with the December 8, 2011 Order, this Court on December 22 authorized defendants' request to file a motion under Rule 37 for the sanction of dismissal. (Order of December 22, 2011; Docket # 23.) The motion to dismiss as a sanction for non-compliance was filed on January 10, 2011. Plaintiff had seven days to respond to the motion, Local Civil Rule 6.1(a), and plaintiff has neither responded nor sought an extension of his time to do so.

Plaintiff's non-compliance has been willful because he knew what was required by the Orders, did not comply with the Orders and has not offered any good reason for his non-compliance. Indeed, he has offered no justification for his conduct and has not sought an adjustment in any date set by the Court. Lesser sanctions would not be

efficacious because in the face of the direct warning of dismissal—and in response to a motion which has sought dismissal, he has not complied or promised future compliance. There is no reason to believe that a lesser sanction would bring about his eventual compliance. The duration of non-compliance has been lengthy.[1] The Order of November 30, 2011 required him to select one of four dates within 48 hours of receipt of proposed dates; plaintiff's non compliance with the Court's Order began on December 5, 2011; as of February 6, 2012, he remains in non-compliance. He was warned in the Order of December 8 that the sanction for non-compliance would be that the action would be "DISMISSED." He nevertheless has not complied and in the face of the motion to dismiss for failure to comply, he has neither complied nor promised future compliance. Absent dismissal, defendants would be prejudiced because the action would remain pending but they would not be able to obtain vindication on the merits.

For all of the foregoing reasons, the Rule 37 motion (Docket # 26) is GRANTED and the action is dismissed with prejudice. The unopposed motion for summary judgment (Docket # 21) is terminated as moot. The Clerk shall enter judgment in favor of the defendants.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
February 6, 2012

---

[1] The discovery period was originally set to close by July 25, 2011. (Order of January 25, 2011; Docket # 6.) It was extended to December 2, 2011 with the following warning: "No further extensions. Anticipate weather and seismic events." (Order of August 31, 2011; Docket # 10.)